UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA BURFORD,

    Plaintiff,

v.

MCDONALD'S CORPORATION,
CARL FIELDS, TIMOTHY
MICHAUD and RON FIDOR

    Defendants.

C.A. No. 3:02-CV-1738 DJS MRK

FILED Nov 24 9 54 AM '03

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CARL FIELD, TIMOTHY MICHAUD, AND RON FEDOR'S MOTIONS FOR SUMMARY JUDGMENT

Defendants, Carl Field ("Field"), Timothy Michaud ("Michaud"), and Ron Fedor ("Fedor") (collectively the "individual defendants"), respectfully submit this memorandum of law in support of their motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

### INTRODUCTION

In addition to claims of sexual harassment and certain tort claims against her former employer, McDonald's, plaintiff, Melissa Burford ("Burford"), has sued her former managers-- Field, Michaud and Fedor-- in their individual capacities. Burford's tort claims of sexual assault and intentional infliction of emotional distress against Field, and her claims of negligent hiring and supervision against Michaud and Fedor arise out of her main claim against McDonald's that she was subjected to a sexually hostile work environment as a result of alleged sexual

# 1376954_v1

harassment by Field. Burford's tort claims should be dismissed because she cannot meet the essential elements of her claims. Moreover, as to Michaud, her claim for negligent supervision must fail because Michaud was not Field's supervisor and thus he had no duty or ability to supervise him.

Field, Michaud and Fedor refer to and incorporate hereby reference the Defendants' Local Rule 56(a)(1) Statement in Support of Their Motion for Summary Judgment.

## ARGUMENT

### I. The Individual Defendants Are Entitled to Summary Judgment.

"A motion for summary judgment will be granted where there is no genuine issue as to any material fact, and it is clear that the moving party is entitled to judgment as a matter of law." Russell v. Eldredge, 832 F. Supp. 535, 537 (D. Conn. 1993) (citations omitted). Although the moving party has the initial burden of establishing that no material factual issues exist, "once that burden is met, the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial." Salvestri v. United States, 771 F. Supp. 515, 516 (D. Conn. 1999); see also McKenzie v. Wyndham Comm. Mem. Hosp., 774 F. Supp. 91, 94 (D. Conn. 1991). A scintilla in support of a plaintiff's position is insufficient; there must be evidence from which a jury could reasonably find in her favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The plaintiff may not defeat summary judgment by resting on "mere allegations" but "must set forth specific facts showing that there is a genuine issue

# 1376954_v1

- 2 -

for trial." Fed. R. Civ. P. 56(e). A plaintiff cannot overcome summary judgment, therefore, by "offering purely conclusory allegations of discrimination, absent any concrete particulars . . . ." Meiri v. Dacon, 759 F.2d 989, 998 (2nd Cir. 1985). Mere assertions and conclusions of the party opposing summary judgment are not enough to defeat a well-pleaded motion. Lamontagne v. E.I. Du Pont de Nemours & Co., 834 F. Supp. 576, 580 (D. Conn. 1993) aff'd, 41 F.3d 846 (2nd Cir. 1994). Field, Michaud and Fedor are entitled to summary judgment on all counts against them because Burford's claims suffer from legal defects leaving no triable issue for a jury.

## II. Burford Has Failed to Produce Sufficient Evidence to Support Her Claim for Intentional Infliction of Emotional Distress.

Burford has failed to elicit the requisite proof to support her claim for intentional infliction of emotional distress. Under Connecticut law, to state a claim for intentional infliction of emotional distress, Burford must prove that: (1) the defendant intended or knew that emotional distress would likely result from its conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused Burford emotional distress; and (4) that Burford's distress was severe. See Abate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 348 (D. Conn. 2001); Appleton v. Board of Educ. of Stonington, 757 A.2d 1059 (Conn. 2000).

Burford can not meet her burden of establishing that Field's conduct was "extreme and outrageous" according to the definition which Connecticut courts have borrowed from the Restatement (Second) of Torts, §46, CMT. D (1965)-- "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded

# 1376954_v1

- 3 -

as atrocious, and utterly intolerable in a civilized community." See De Laurentis v. City of New Haven, 597 A.2d 807, 828 (Conn. 1991); Petyan v. Ellis, 510 A.2d 1337, 1341 (Conn. 1986). "Whether a defendant's conduct rises to the level of being 'extreme and outrageous' is a question to be determined by the court in the first instance." Abate, 130 F. Supp. 2d at 348; Appleton, 757 A.2d at 1062. Only when the court determines that reasonable minds could disagree does the issue become one for the jury. See Abate, 130 F. Supp. 2d at 348.

Courts applying the standard set forth in the Restatement have routinely held that the types of conduct alleged in a typical sexual harassment case, like Burford's, do not suffice to sustain a claim for intentional infliction of emotional distress. See Abate, 130 F. Supp. 2d 341 (plaintiff's claim for intentional infliction of emotional distress did not rise to the level of intentional extreme and outrageous conduct where plaintiff was subjected to "highly offensive and unwelcome sexual comments to and about plaintiff" in addition to "highly offensive and unwelcome touchings" including pinching plaintiff's cheeks, holding plaintiff by his mid-section, grabbing plaintiff by his sides, and touching plaintiff with his genital area); Hoy v. Angelone, 720 A.2d 745, 754-55 (Conn. 1998) (noting that recovery for this tort is reserved "for only the most clearly desperate and ultra extreme conduct," and holding that although the conduct in a typical sexual harassment case may be "highly offensive and unacceptable" such facts do not rise to the level to allow recovery under "this most limited of torts").

# 1376954_v1

- 4 -

Burford's allegations that Field made a few offhand comments, gave her a neck massage and "bumped" her behind, even if credited, fall far short of the very high threshold required to support a viable claim for intentional infliction of emotional distress. Therefore, Burford's claim for intentional infliction of emotional distress must be dismissed.

### III. Burford's Claim Of Sexual Assault Must Be Dismissed.

The elements of the intentional tort of sexual assault are 1) a harmful or offensive contact with a person, 2) resulting from an act intended to cause the person to suffer such a contact. Perron v. Robert, 2002 WL 31538217 *2 (Conn. Sup. Ct. Nov. 1, 2002); Fernandez v. Standard Fire Ins. Co., 688 A.2d 349, 351, n.4 (Conn. App. 1997); Moen v. Baransky, 1997 WL 666763 (Conn. Super. Oct. 16, 1997). Black's Law Dictionary defines the tort of sexual assault as follows:

> Sexual assault: 1. Sexual intercourse with another person without that person's consent.* Several state statutes have abolished the crime of rape and replaced it with the offense of sexual assault.
>
> 2. Offensive sexual contact with another person, exclusive of rape. Also termed indecent assault.

Black's Law Dictionary (7th Ed. 1999). In a civil case for the civil intentional tort of sexual assault, the Connecticut Superior Court recently looked to a criminal statute for the definition of "sexual contact." That definition is: "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person." Perron, 2002 WL 31538217 *2.

# 1376954_v1

Consequently, in order to meet this definition, the allegations must deal with severe, extreme sexual contact, such as rape or molestation. See Perron, 2002 WL 31538217at *2 (finding liability where "defendant engaged on numerous occasions in the sexual assault of the Plaintiff by his inappropriate kissing and touching of her when she was a child for the purpose of his own sexual gratification"); Fernandez, 688 A.2d at 350 (Conn. App.Ct. 1997) (recognizing liability in case of molestation including intercourse between a thirteen year-old plaintiff and adult defendant); Moen, 1997 WL 666763 at * 1 (molestation and incest).

Burford's claim must fail. Her allegations pale beside the facts of the above-referenced cases. First, her allegations that Field bumped or tapped her backside, rubbed his body against hers and rubbed her shoulders on one occasion are not sufficiently sexual or offensive to state a claim in light of the extreme, severe cases that have meet this threshold. Also, her allegations fail to show that Field acted with the requisite intentionality, i.e. she has offered no evidence to show that he touched her in "intimate parts" for his "own sexual gratification." See Perron, 2002 WL 31538217at *2.   Accordingly, Burford has failed to establish the elements of the intentional tort of sexual assault as a matter of law.

### IV.  Burford Cannot Prove Her Claim for Negligent Training and Supervision.

Burford alleges that Michaud and Fedor are liable for negligently failing to supervise and train Carl Field. Although a plaintiff may sue an employer for negligent supervision of its employees, Gutierrez v. Thorne, 13 Conn. App. 493, 500, 537 A.2d 527 (1988), the plaintiff must plead and prove that she suffered an injury

# 1376954_v1

due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise. Abate, 130 F. Supp.2d at 344; Shanks v. Walker, 116 F. Supp.2d 311, 314 (D. Conn. 2000). An employer does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or should have known of the employee's propensity to engage in that type of tortious conduct. Abate, 130 F. Supp.2d at 344.

With respect to Fedor, Burford has not offered any evidence to show that Fedor had any reason to believe that Field would commit any of the acts that she alleges. Indeed, McDonald's has not received any other complaints about Field's conduct. See Defendants' Local Rule 56(a)(1) Statement in Support of Their Motion for Summary Judgment ("Statement"), ¶ 11. Therefore, Burford has failed to establish the requisite elements of the tort as to Fedor.

As to Michaud, Burford's claim is even more specious because in addition to the lack of evidence showing a propensity for such conduct on the part of Field, Michaud was a store manager just like Field, so he had no supervisory role over Field. Statement, ¶ 13. Michaud exercised no control over Field's employment. Specifically, he could not discipline or terminate Field for alleged harassment. Statement, ¶ 13. See e.g. Brunson v. Bayer, 237 F. Supp.2d 192, 202 n. 12 (D. Conn. 2002) (recognizing that a supervisor is someone with "the authority to hire, fire, or discipline" the alleged harasser); (citing Torres v. Pisano, 116 F.3d 625, 637 (2nd Cir. 1997). Consequently, Michaud can not be held liable for negligent training or supervision of Field.

# 1376954_v1

## CONCLUSION

For the foregoing reasons, Carl Field, Timothy Michaud and Ron Fedor respectfully requests that this Court enter summary judgment on all counts against them.

>DEFENDANTS,
>
>CARL FIELD, TIMOTHY MICHAUD, AND RONALD FEDOR
>
>By their Attorneys,
>
>HOLLAND & KNIGHT LLP
>
>_____
>Neal J. McNamara, Esquire (FBN 19349)
>One Financial Plaza, Suite 1800
>Providence, Rhode Island 02903
>(401) 751-8500
>(401) 553-6850 (Facsimile)
>nmcnamara@hklaw.com
>
>***LOCAL OFFICE FOR PURPOSES OF RULE 2(C):***
>
>Rodger W. Lehr, Jr., Esq.
>Watsky Drive # 3
>Stonington, CT  06378
>Juris No. 07208

# 1376954_v1

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the foregoing Memorandum was forwarded via first class mail, postage pre-paid, this 21st day of November, 2003 to:

Peter J. Bartinik, Jr.
Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
100 Fort Hill Road
P.O. Box 942
Groton, CT 06340-0942

*/s/ Neal J. McNamara*