

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA BURFORD | : | CIVIL NO: 3:02 CV 1738 (DJS) mrk |
| V. | : | |
| McDONALD'S CORPORATION ET AL | : | DECEMBER 15, 2003 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' CARL FIELD, TIMOTHY MICHAUD, AND RON FEDOR MOTION FOR SUMMARY JUDGMENT DATED NOVEMBER 21, 2003

I. <u>Facts</u>

On September 13, 2002, the plaintiff, Melissa Burford, filed this complaint against the defendants McDonald's Corporation, Carl Field, Timothy Michaud, and Ronald Fedor. The complaint has been amended and the operative complaint is the plaintiff's Third Amended Complaint, dated August 8, 2003. In her complaint the plaintiff alleges a claim of hostile environment and quid pro quo sexual harassment by her immediate supervisor Carl Field. The defendants, Field, Michaud, and Fedor have directed this Motion for Summary Judgment against the plaintiff's third, fourth, and fifth counts, alleging intentional infliction of emotional distress, negligent supervision, and sexual assault.

The plaintiff has, by this filing, agreed to withdraw her Third Count for intentional infliction of emotional distress, and her Fifth Count for sexual assault.

With regard to the plaintiff's Fourth Count for negligent supervision, there are genuine issues of material fact, and therefore, the defendants' Motion for Summary Judgment must be denied.

II. Law and Analysis.

### A. Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c) provides for summary judgment when the Court determines that there is no genuine issue of material fact to be tried. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court is required to resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. Id. at 255. In order to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Summary judgment is only appropriate, therefore, if the evidence presented by the nonmoving party "is merely colorable, or is not significantly probative," Anderson, 477 U.S. at 249-50 (citation omitted), or if it is based purely on "conjecture or surmise," Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

2

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

B. The plaintiff will withdraw her claim for intentional infliction of emotional distress alleged in the plaintiff's Third Count against all defendants to which the allegation was directed, Carl Field and McDonalds.

C. The plaintiff will withdraw her claim for sexual assault alleged in the plaintiff's Fifth Count against all defendants to which the allegation was directed, Carl Field and McDonalds.

D. There is a genuine issue of material fact regarding the plaintiff's Fourth Count because the plaintiff complained to both Michaud and Fedor before much of the sexual harassment occurred and neither Michaud and Fedor took reasonable steps to supervise Carl Field.

Ronald Fedor knew or should have known about the harassment at the end of May 2001, when Melissa Burford complained to him about the harassment. Statement of Facts paragraph 57. The harassment continued after late May 2001. Statement of Facts 9-28. Even after June 11, 2001, the harassment continued until August 20, 2001, when Melissa Burford left McDonalds. Statement of Facts paragraph 15. Under the circumstances known or reasonably known to Ron Fedor, his inaction and failure to take any steps to stop the sexual harassment was unreasonable.

Shortly after June 11, 2001 Melissa Burford complained to Tim Michaud. Statement of Facts 52. Also in June of 2001 Tonya Glasco also told Tim Michaud of the sexual harassment.

3

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

Statement of Facts 56. Timothy Michaud did, in fact, have authority over Carl Field as Tim Michaud was in charge, and he could have ordered Carl Field to stop the sexual harassment. Statement of Facts 55. Assuming for the sake of argument that Tim Michaud did not have authority over Carl Field, he nevertheless had a duty to report the sexual harassment to someone who did have such authority. <u>Brunson v. Bayer Corp</u>. 237, F.Supp.2d. 192, 202-204 (2002). The obligation to report sexual harassment is mandated by the employee manual. Plaintiff's Ex. M of McDonald's Policy Manual, page 2, paragraph 2, entitled "Management's Responsibility". The harassment continued even after Tim Michaud was notified of the harassment. Statement of Facts 15. Tim Michaud's failure to act in any way to stop the sexual harassment, either on his own authority or by reporting it to those with higher authority is unreasonable under the circumstances.

THE PLAINTIFF

By _____
Peter J. Bartinik, Jr. Esq.  Ct/14208
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340
860- 445-8521
860-445-8573 (fax)
Pjb@Grotonlaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing, "Plaintiff's Memorandum of Law In Opposition to the Defendants' Carl Field, Timothy Michaud, and Ron Fedor Motion for Summary Judgment Dated November 21, 2003", was mailed on December 15, 2003 to:

Neal J. McNamara, Esq.
Holland & Knight, LLP
Suite 1800
One Financial Plaza
Providence, Rhode Island 02903

THE PLAINTIFF

By_____
Peter J. Bartinik, Jr. Esq. Ct 14208
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220