

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA BURFORD | : CIVIL NO: 3:02 CV 1738 (DJS) MRK |
| V. | : |
| McDONALD'S CORPORATION ET AL | : DECEMBER 15, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT MCDONALD'S CORPORATION'S MOTION FOR SUMMARY JUDGMENT DATED NOVEMBER 21, 2003**

I. <u>Facts</u>

On September 13, 2002, the plaintiff, Melissa Burford, filed this complaint against the defendants McDonald's Corporation, Carl Field, Timothy Michaud, and Ronald Fedor. The complaint has been amended and the operative complaint is the plaintiff's Third Amended Complaint, dated August 8, 2003. In her complaint the plaintiff alleges a claim of hostile environment and quid pro quo sexual harassment by her immediate supervisor Carl Field. The defendant, McDonald's Corporation, has directed this motion for summary against the plaintiff's entire complaint.

The plaintiff has, by this filing, agreed to withdraw her Third Count for intentional infliction of emotional distress count, and her Fifth Count for sexual assault.

With regard to the plaintiff's Fourth Count for negligent supervision, there are genuine issues of material fact, and therefore, the defendants' motion for summary judgment must be denied.

## II. Law and Analysis.

### A. Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c) provides for summary judgment when the Court determines that there is no genuine issue of material fact to be tried. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The court is required to resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. <u>Id</u>. at 255. In order to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Summary judgment is only appropriate, therefore, if the evidence presented by the nonmoving party "is merely colorable, or is not significantly probative," <u>Anderson</u>, 477 U.S. at 249-50 (citation omitted), or if it is based purely on "conjecture or surmise," <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).

2

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

B. There is a genuine issue of material fact regarding the plaintiff's First and Second Count alleging sexual harassment because (1) the plaintiff's allegations amount to a hostile environment (2) the plaintiff's allegations make out a strict liability claim for tangible employment action after harassment by an immediate supervisor, and even if there is no strict liability (3) the plaintiff's conduct was reasonable.

1. The plaintiff's allegations amount to a hostile environment.

Sex discrimination is prohibited by Title VII. 42. U.S.C. Section 2000e-2(a)(1). The statute "evidences a congressional intent to strike at the entire spectrum of disparate treatment of men and woman in employment" and to forbid sexual harassment in the workplace. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks omitted). A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Harris, 510 U.S. at 21 (citation and internal quotation marks omitted).

Here, the plaintiff alleges a continuous and repeated pattern of harassment. She was harassed between April 16, 2001 through to the time she left McDonalds employment on August 20, 2001. Statement of Facts 5-28.

3

The plaintiff is not required to remember each and every incident of sexual harassment. Testimony, even of only "general allegations of constant abuse" are sufficient to defeat a motion for summary judgment. Torres v. Pisano, 116 F.3d 625 (2nd Cir. 1997). Here, the plaintiff has provided very detailed evidence of numerous instances of sexual harassment over a long period of time. Statement of Fact 5-28. Also, the harassment occurred daily. Statement of Facts 11,12, 15, 17 and 18. Additionally, there is a great amount of corroboration of the repeated and continuous nature of the harassment. Statement of Facts 14-27. If the jury credits the testimony of the plaintiff's witnesses, Melissa Burford, Tammy Sabados, Vern Brown, Alma Toro, Laurie Stanhope, Elcheva Waters, and Cassandra Kitchens, there is ample evidence of an environment that a reasonable person would find hostile or abusive so as to alter the terms and conditions of their employment. Accordingly, there is a genuine issue of material fact as to whether a hostile environment existed and this motion for summary judgment must be denied.

2. **The plaintiff suffered tangible employment action after harassment by an immediate supervisor.**

Tangible employment action occurs when a supervisor makes decisions affecting the terms and conditions of the plaintiff's employment based in part upon her submission or

4

rejection to sexual harassment. <u>Jin v. Metropolitan Life Ins. Co.</u>, 295 F.3rd 335 (2nd Cir. 2002).

Here, Melissa Burford was promised the position of second assistant manager by Carl Field and Tim Michaud. Statement of Facts 30, 34, 35 and 37. The store manager chooses the second assistant manager. Statement of Fact 36. She received the written materials for the position. Statement of Facts 32. She received the uniform and shoes for the position. <u>Id.</u> She received the keys for the position. <u>Id.</u> The other managers were told that she would be the new second assistant. Statement of Facts 33. Then she complained about sexual harassment. Statement of Facts 39. After that the position was given to someone else, Tim Meredith. <u>Id.</u> Also, she was not given her paid vacation, she was referred to as a trouble maker and her hours were reduced. Statement of Facts 41. These employment decisions were based entirely, or at least in part, on her rejection of sexual harassment. Statement of Facts 30-39. Therefore, she was subject to tangible employment action.

It is not disputed that Carl Field was Melissa Burford's immediate supervisor. Defendant's Answer paragraph 15 (Ex. B). Accordingly, a genuine issue of material fact exists as to whether the defendant McDonald's is strictly liable even if the jury were to

5

conclude that the plaintiff was not reasonable. Therefore, this motion for summary judgment must be denied.

### 3. The plaintiff's conduct was reasonable.

The plaintiff complained to Carl Field and manager Vern Brown immediately after the first instance of sexual harassment. Statement of Facts 42. Additionally, Melissa Burford complained to district manager Ron Fedor at the end of May 2001. Statement of Facts 48. She complained to manager Tammy Sabados in April or May 2001. Statement of Facts 47. She complained to manager Tonya Glasco. Statement of Facts 50. She complained to manager Vern Brown in April or May 2001. Statement of Facts 42-44. She complained to store manager Tim Michaud shortly after June 11, 2001. Statement of Facts 52. She made five calls to the employee hotline between the middle of May 2001 and July 17, 2001. Statement of Fact 51. All of the people the plaintiff complained to had a duty to report the complaint to a higher ranking employee. Plaintiff's Ex. A of McDonald's policy manual, page 2, paragraph 2, entitled "Management's Responsibility." Accordingly, there is a genuine issue of material fact as to whether the plaintiff's conduct was reasonable and this motion for summary judgment must be denied.

6

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

## CERTIFICATION

I hereby certify that a copy of the foregoing, "Plaintiff's Memorandum of Law In Opposition To The Defendant McDonald's Corporation's Motion For Summary Judgment Dated November 21, 2003", was mailed on December 15, 2003 to:

Neal J. McNamara, Esq.
Holland & Knight, LLP
Suite 1800
One Financial Plaza
Providence, Rhode Island 02903

THE PLAINTIFF

By_____
Peter J. Bartinik, Jr. Esq. Ct. 14208