United States District Court
District of Connecticut
FILED AT       NEW HAVEN

12/16/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MRK

| | | |
|---|---|---|
| MELISSA BURFORD | : | CIVIL NO: 3:02 CV 1738 (D/S) |
| V. | : | |
| McDONALD'S CORPORATION ET AL | : | DECEMBER 15, 2003 |

### PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

The plaintiff, Melissa Burford, hereby submits her Local Rule 56(a)2 Statement in Opposition to the defendant's motions seeking summary judgment dated November 21, 2003.

**I.**   **Admissions and Denials of Allegations in Defendant's Local Rule 56(a)1 Statement.**

1-5.   McDonald's Store Management.

The plaintiff admits the facts alleged with the caveat that although the plaintiff's job title was swing manager she was performing functions of second assistant manager as those functions were described in the facts alleged.

6-8   Benefits.

The plaintiff admits the facts alleged.

9-13   The Individual Defendants.

9-10   The plaintiff admits the facts alleged.

11. The plaintiff admits the facts alleged, but does not admit that Carl Field never engaged in sexual harassment before harassing the plaintiff. See Plaintiff's Disputed Fact 16 sexual harassment of Elcheva Waters.

12. The plaintiff admits the facts alleged.

13. The plaintiff admits that both Carl Field and Tim Michaud were both store managers, but denies the allegation that Tim Michaud "exercised no control over Field's employment [and] could not discipline or terminate Field for alleged harassment." See Plaintiff's Disputed Fact 55.

14-16. McDonald's Sexual Harassment Policy (attached as Exhibit M)

14. The plaintiff admits the facts alleged.

15. The plaintiff denies this fact. See Plaintiff's Disputed Fact 53.

16. The plaintiff admits the facts alleged.

17. The plaintiff admits these facts except (1) her promotion date to swing manager was January 19, 2001, not February as alleged by the defendant. See Plaintiff's Disputed Fact 2.

18-21. Allegations of Sexual Harassment.

18-21. The plaintiff denies the defendants characterization of the plaintiff's claims. See Plaintiff's Disputed Facts 1-28.

22-27. Other Allegations.

22-27. The plaintiff denies the defendants characterization of the plaintiff's claims. See Plaintiff's Disputed Facts 1-28. But the plaintiff admits that when she gave notice it was for reasons other than sexual harassment. The plaintiff denies that implication that sexual harassment did not occur before she gave her notice. See Plaintiff's Disputed Facts 1-28.

28.   Michaud Returns.

28.   The plaintiff admits the facts alleged, but the facts are not complete. Much more sexual harassment occurred after Michaud returned. See Plaintiff's Disputed Fact 15.

29-35. Second Assistant Manager.

29.   The plaintiff admits this fact.

30.   The plaintiff admits this fact.

31.   The plaintiff admits the first three facts, but denies the fourth. The plaintiff told Field and Michaud she was ready to start at any time. See Plaintiff's Disputed Fact 31.

32.   The plaintiff admits this fact, but denies that she was not already given the job as second assistant manager before retaliation occurred. The plaintiff also denies the implication that the words quoted mean something other then she got the job of second assistant manager. See Plaintiff's Disputed Facts 30-37.

33.   The plaintiff admits this fact.

34.   The plaintiff admits this fact.

35.   The plaintiff denies this fact. See Plaintiff's Disputed Fact 39.

36-46. Burford Complains and McDonald's Responds.

36.   The plaintiff denies this fact. See Plaintiff's Disputed Fact 51.

37.   The plaintiff admits this fact.

38.   The plaintiff admits this fact.

39.   The plaintiff admits this fact although the phone call was made while she was still at McDonald's before she left to go home.

40.   The plaintiff admits this fact.

41.   The plaintiff denies that fact to the extent that the transfer was made at her request. She was told that the transfer was made because Tim Michaud did not want her in the store anymore. See Plaintiff's Disputed Fact 39.

42.   The plaintiff admits this fact with the caveat that Mr. Goulart wrote up the statement and then told the plaintiff to sign it. She did so without reading the statement. The statement does not contain each and every allegations of sexual harassment. See Plaintiff's Disputed Fact 51.

43-46. The plaintiff admits these facts.

47.   Waterford and Resignation.

47.   The plaintiff admits these facts, but the sexual harassment continued. See Plaintiff's Disputed Fact 15.

4

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

48-50. Alleged Employment Actions.

48.   The plaintiff denies this allegation to the extent it attempts to limit the plaintiff's allegations to the second assistant manager position. See Plaintiff's Disputed Facts 39 and 41.

49.   The plaintiff admits this allegation, but regardless of whether she was entitled to be paid she was denied vacation. See Plaintiff's Disputed Fact 39.

50.   The plaintiff admits this fact.

**II.     Disputed Issues Of Material Fact "Statement of Facts."**

HOSTILE ENVIRONMENT

1.   In November 2000, the plaintiff, Melissa Burford ("Burford"), began working for the McDonald's Corporation as a crew member at the Groton, Connecticut McDonalds. Affidavit of Melissa Burford paragraph 1 (attached as plaintiff's Exhibit A)

2.   In December 2000, after approximately one month on the job, Melissa Burford was promoted to swing manager. Defendant's Answer paragraph 7 (attached as plaintiff's Exhibit B); Melissa Burford's deposition at page 47 (attached as plaintiff's Exhibit C). She began training as swing manager in December 2000, and became an official swing manager on January 19, 2001. Affidavit of Melissa Burford paragraph 3 (Ex. A).

3.   At the end of April 2001, Carl Field became store manager at the Groton Connecticut McDonalds. Affidavit of Melissa Burford paragraph 2 (Ex. A).

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

4.   Carl Field was Melissa Burford's immediate supervisor. Defendants' Answer paragraph 15 (Ex 3).

5.   On about April 16, 2001, the first instance of sexual harassment occurred. This was approximately two weeks after Carl Field was solely in charge of the restaurant. Burford deposition at pages 80-82 (Ex. C). This was also about two weeks after Tim Michaud left for sabbatical. Affidavit of Melissa Burford paragraph 4 (Ex. A).

6.   Specifically, on or about April 16, 2001, Carl Field stuck his tongue out at the plaintiff, Melissa Burford, and said that he knew how to use his tongue, and he was sure that the plaintiff knew how to use her tongue and that he wanted to find out if the plaintiff knew how to use her tongue. Burford deposition at pages 80-82 (Ex. C); Alma Toro ("Toro") deposition at pages 10-11 (attached as plaintiff's Exhibit D). In addition to the plaintiff, Carl Field made such comments to other girls. Toro deposition at page 10 (Ex. D).

7.   The sexual harassment continued until August 21, 2001 when the plaintiff finally left McDonalds. Statement of Facts 6-28.

8.   Between April 16, 2001 and the middle of May 2001, Carl Field patted Melissa Burford on her bottom and told her he wanted to kiss her ass. He added that it was a small ass so he wanted to kiss her entire ass. Burford deposition at pages 84-88 (Ex. C).

6

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

9.  In the middle of May 2001, Melissa Burford gave notice she was going to quit. Although the sexual harassment started on or about April 16, 2001, it got worse after the plaintiff, Melissa Burford, gave her notice, which occurred in the middle of May 2001. Burford deposition at page 86 line 23 through page 87 line 4 (Ex.C).

10. Between the middle of May 2001 (the time of the notice to quit) and June 11, 2001 (the time Tim Michaud came back from sabbatical or vacation), the following sexual harassment occurred:  (1) Carl Field rubbed up against the plaintiff, Melissa Burford, and told her she had a sweet little ass;  (2) Carl Field said he was going to find out what her tattoo was (which was on her chest). The comment was made at every other managers meetings (they were weekly meetings);  (3) Carl Field rubbed Melissa Burford's shoulders on two occasions;  (4) Carl Field said that he was going to dye his hair red, and said "all of his hair" as he pointed to his crotch area. He added that it would make them hotter in bed together. This comment occurred on Memorial Day; and (5) Carl Field said he wanted to look down the plaintiff's shirt. The comment was made at every other managers meetings (they were weekly meetings). Burford deposition at pages 92-98 (Ex. C).

11. Carl Field made daily comments about Melissa Burford's ass. Burford deposition at page 86 lines 18-20 (Ex. C).

7

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942  •  GROTON, CONNECTICUT 06340-0942  •  860-445-8521  •  JURIS NUMBER 01220

12.  Carl Field said kiss my ass to many people including customers. Burford deposition at page 89 lines 4-8 (Ex. C).

13.  In the middle of May 2001, the plaintiff, Melissa Burford, gave notice that she was going to quit. Carl Field convinced the plaintiff to stay. Burford deposition at pages 74-80 (Ex. C).

14.  Fellow swing manager, Tammy Sabados, witnessed the red hair comment. Tammy Sabados' ("Sabados") deposition at pages 49-56 (attached as plaintiff's Exhibit E).

15.  After June 11, 2001 when Tim Michaud got back from sabbatical, or vacation, both Tim Michaud and Carl Field made fun at the plaintiff saying something to the effect of "opps I can't say that because you will charge me with sexual harassment." Burford deposition at pages 99-103 Ex. C). At least 5-10 times per day, Tim Michaud and Carl Field would say something like "I better not say that because I might be accused of sexual harassment." They would say it in a sarcastic mocking tone. They would frequently be laughing, and would always be snickering. These comments were directed to each other, but they said it in an elevated voice so that everyone could hear them. Tim Michaud usually arrived at about 9:00am and Carl Field usually arrived at 10:00am. All the comments were made between that time (9:00 or 10:00am) and 1:30 to 2:00pm when my shift ended. After approximately 21, 2001, when Melissa Burford worked at the Waterford McDonalds, the following sexual harassment occurred between July 21, 2001 and August 20, 2001. On three occasions Carl Field went to the Waterford McDonalds to get

8

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

supplies. He said "Oh you again. I better not say that. That will get me into trouble again." Affidavit of Melissa Burford paragraphs 6 – 7 (Ex. A).

16.    According to witness Elcheva Waters, even before he harassed Melissa Burford, Carl Field harassed Waters. He specifically asked her to have sex with him, and told her that she had nice breasts. He also touched her in her private areas. When she declined his advances, he retaliated against her by scheduling her for shifts that he knew she was unable to work. Waters' deposition at pages 7, 10, 11-14, and 24-25 (attached as plaintiff's Exhibit F).

17.    According to witness Cassandra Kitchens, Carl Field was always touching, flirting and poking woman. He had his hands on you whenever he got the chance, and looked at you like he was taking off your cloths. Cassandra Kitchens' deposition at pages 8-12 (attached as plaintiff's Exhibit G).

18.    According to witness Alma, Carl Field was "always talking dirty like in – like bed in a position that he would like to do or if he could catch a girl what would he do with her, stuff that we – I wouldn't like to hear as a woman." He also intentionally misused the Spanish word for "crotch" which is la tuga. Toro deposition at page 17 (Ex. D).

19.    Second assistant manager Vern Brown heard Carl Field make jokes about female customers' looks, including comments complementing the customers "rack" referring to their

9

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

breasts. Vern Brown ("Brown") deposition at pages 7-9, and 12-13 (attached as plaintiff's Exhibit H).

20.  Carl Field stuck his tongue out at the plaintiff according to witness Laurie Stanhope. Laurie Stanhope ("Stanhope") deposition at pages 9-10 (attached as plaintiff's Exhibit I).

21.  Carl Field overtly stared at the plaintiff's chest and crotch area. Toro deposition at pages 12-13 (Ex.D), Stanhope deposition at pages 10-11 (Ex. I).

22.  Carl Field called the plaintiff honey. Affidavit of Melissa Burford paragraph 8 (Ex. A).

23.  Carl Field rubbed the plaintiff's shoulders and said that the plaintiff looked tight and needed a massage. Toro deposition at pages 13-14 (Ex. D); Sabados deposition at page 23 (Ex. E); Kitchens deposition at pages 8-12 (Ex. G).

24.  Carl Field poked the plaintiff on her side. Toro deposition at pages 9-13 (Ex. D); Kitchens deposition at page 9 (Ex. G).

25.  Carl Field bumped into the plaintiff and into her behind. Toro deposition at pages 9-10 (Ex. D), Sabados deposition at page 23 (Ex. E).

26.  Carl Field said "mmmm" in a sexual manner. Toro deposition at page 15 (Ex.D); Stanhope deposition at pages 9-10 (Ex. I); Kitchens deposition at page 9 (Ex. G).

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

27.     According to manager Tammy Sabados, Carl Field commented on the plaintiff's clothing and said that it makes him want to look down the plaintiff's shirt. Sabados deposition at pages 58-60 (Ex. E).

28.     Carl Field said that the plaintiff's boyfriend could not work at that same store as the plaintiff because he, therefore, could not flirt with the plaintiff. Affidavit of Melissa Burford paragraph 9 (Ex. A).

TANGIBLE EMPLOYMENT ACTION

29.     Carl Field was Melissa Burford's immediate supervisor. Defendants Answer paragraph 15 (Ex. B).

30.     Carl Field promised Melissa Burford the job as second assistant manager. Burford deposition at pages 54-57, 132-133, and 104-105 (Ex. C). Carl Field said you are next in line and the job is yours. Burford deposition at pages 54-57 (Ex. C).

31.     Melissa Burford made arrangements for daycare and could start as second assistant manager at any time. As of approximately the middle of May 2001, Melissa Burford had made daycare arrangements and could have started as second assistant manager at any time. Melissa Burford informed Carl Field of that in the middle of May. Melissa Burford also informed Tim Michaud of that, shortly after he returned on June 11, 2001. Melissa Burford met with Tim

11

Michaud on June 12, 2001. Burford deposition at page 110 (Ex. C); Affidavit of Melissa Burford paragraph 10 (Ex. A).

32. Melissa Burford was given the written materials for the second assistant manager, along with keys and shoes that are only for second assistant managers. Burford deposition at pages 104-108 (Ex. C); Toro deposition at pages 20-21 (Ex. D).

33. At a managers meeting, Carl Field told all of the managers that Melissa Burford was promoted to the second assistant managers' position. Sabados deposition at pages 61-64 (Ex. E).

34. Witness Cassandra Kitchens heard Carl Field say that Melissa Burford got the job of second assistant manager. Kitchens deposition at pages 12-13 (Ex G).

35. Witness Alma Toro heard Carl Field say that Melissa Burford got the job of second assistant manager. Toro deposition at page 20 (Ex. D).

36. Tim Michaud told Melissa Burford that the decision about who becomes second assistant manager was made by the store manager. Burford deposition at page 68 (Ex. C). Although the decision about who was made second assistant manager was technically made by Ron Fedor he deferred to the judgment of the store manager, and therefore, the decision was made by the store manager. Fedor deposition pages 6-10 (attached as plaintiff's Exhibit J).

37. Tim Michaud told Melissa Burford that she got the job as second assistant manager. Burford deposition at pages 116-117 (Ex. C).

12

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

38.  Melissa Burford complained about the sexual harassment. See Statement of Fact section entitled "Melissa Burford's Conduct was Reasonable,." Paragraphs 42-54

39.  After she complained about sexual harassment, and in retaliation for her complaints of sexual harassment, the job was given to someone else, Tim Meredith, and the plaintiff was transferred to the Waterford store, which occurred on or about July 21, 2001. Melissa Burford was promised the specific position that was given Tim Meredith. Burford deposition at page 125 (Ex. C). Ron Fedor told Melissa Burford that the transfer was because Tim Michaud did not want her in the store anymore. Melissa Burford was also denied vacation and her hours were reduced. She was specifically told that Tim Meredith was given that specific position instead of her. Affidavit of Melissa Burford paragraph 11 (Ex. A).

40.  The second assistant manager salary was about $10,000.00 more then swing manager per year. Burford deposition at page 109 (Ex. C); Defendant's Answer paragraph 13 (Ex. B).

41.  Also, the plaintiff was transferred to the Waterford store. Burford deposition at page 125 (Ex. C).

MELISSA BURFORD'S CONDUCT WAS REASONABLE.

42.  Immediately after the first instance of sexual harassment which occurred on about April 16, 2001, Melissa Burford complained to Carl Field. Melissa Burford also complained to Vern Brown, a second assistant manager, who told Melissa Burford that he was going to talk to Carl

13

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

Field. Burford deposition at pages 80-82 (Ex. C). Melissa Burford also complained to Carl Field on other occasions. Burford deposition at page 84 (Ex. C).

43.  Vern was second assistant manager. Brown deposition at page 31 (Ex. H).

44.  Melissa Burford told Vern Brown about the sexual harassment who told Carl Field to lay off. This occurred sometime before June 11, 2001, when Tim Michaud came back from sabbatical. Brown deposition at pages 17-28 (Ex. H); Burford deposition at pages 80-84 (Ex. C).

45.  Also, after Tim Michaud got back from sabbatical, or vacation, Vern Brown told Tim Michaud about the sexual harassment. Brown deposition pages 17-28 (Ex. H).

46.  Additionally, after the red hair comment, which occurred between the middle of May 2001 and June 11, 2001, Melissa Burford complained to Vern Brown. Burford deposition at page 98 lines 18-24 (Ex. C).

47.  Additionally, Melissa Burford complained to Tammy Sabados, at a time before April or May 2001, who was a second assistant manager. Sabados deposition at pages 45-48 (Ex. E). Tammy Sabados left the employment of McDonalds on or about April or May 2001. Sabados deposition at page 48 (Ex. E).

48.  After the end of May 2001, early June 2000, Melissa Burford complained to district manager, Ron Fedor about the sexual harassment. Burford deposition at pages 96-97 (Ex. C); Affidavit of Melissa Burford paragraph 12 (Ex. A).

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

49. Witness Tammy Sabados witnessed a meeting between Ron Fedor and Melissa Burford that took place in the Groton McDonalds. Sabados deposition at page 72 (Ex. E).

50. Melissa Burford complained to Tonya Glasco, a swing manager, about the sexual harassment, and Tonya Glasco informed both Carl Field and Tim Michaud. Tonya Glasco deposition at pages 33-38 (attached as plaintiff's Exhibit K).

51. Beginning around the end of May 2001, Melissa Burford called the service center five times before they eventually contacted her in the final week of July 2001. Burford deposition at pages 96-98, and 125-126 (Ex. C). Steve Goulart finally met with Melissa Burford on July 18, 2001. She signed a statement, but it was handwritten by Mr. Goulart, and he simply told her to sign it. She did not read it, and it does not contain all of the allegations of sexual harassment. Burford deposition pages 83-84 (Ex. C).

52. Shortly after June 11, 2001 when Tim Michaud returned from sabbatical, or vacation, Melissa Burford complained to Tim Michaud about sexual harassment. Burford deposition at pages 98-99, and 125-126 (Ex. C).

53. The telephone number for the service center was not posted at the store. It came only after Melissa Burford started complaining. Burford deposition at page 82 (Ex. C).

54. Melissa Burford did not know the service center number was on her pay stub. Burford deposition at page 82 (Ex. C).

15

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

NEGLIGENT SUPERVISION

55.     Tim Michaud was in charge of the McDonalds Groton restaurant when both Carl Field and Tim Michaud were in the store at the same time. He had authority to order Carl Field not to harass Melissa Burford.

> Q:  So was [Tim Michaud] higher than you in the chain?
>
> A:  No, we were the same level, but you can't have two people running the store. Somebody has to have control.
>
> Q:  Who had control?
>
> A:  Tim had control. When Tim was not there, I was in control.

Tim Michaud had authority to tell Carl Field to stop sexual harassment. Ron Fedor told Melissa Burford that Carl Field was acting store manager and when Tim Michaud returned from sabbatical that he would, meaning Tim Michaud, would be in charge. Tim Michaud would have the final word. Also, when Melissa Burford complained to Ron Fedor in early June 2001, he specifically told Melissa Burford to wait until Tim Michaud came back from sabbatical and he would take care of it referring to sexual harassment. Carl Field deposition at page 18 line 21 through page 19 line 1 (attached as plaintiff's Exhibit L); Affidavit of Melissa Burford paragraph 13 (Ex. A).

## CERTIFICATION

I hereby certify that a copy of Plaintiff's Local Rule 56(a)2 Statement was mailed on December 15, 2003 to:

Neal J. McNamara, Esq.
Holland & Knight, LLP
Suite 1800
One Financial Plaza
Providence, Rhode Island 02903

THE PLAINTIFF

By _____
Peter J. Bartinik, Jr. Esq. Ct. 4208