UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA BURFORD,

    Plaintiff,

v.

MCDONALD'S CORPORATION,
CARL FIELD, TIMOTHY MICHAUD,
And RONALD FEDOR,

    Defendants.

C.A. No. 3:02-CV-1738 MRK

FILED

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S SUR-REPLY MEMORANDUM, AMENDED LOCAL RULE 56(a)2 STATEMENT, AND AFFIDAVIT OF MELISSA BURFORD

Defendants McDonald's Corporation, Ronald Fedor and Timothy Michaud[1] submit this Memorandum of Law in support of their Motion to Strike Plaintiff's Sur-Reply Memorandum, Amended Local Rule 56(a)2 Statement, and Affidavit of Melissa Burford dated January 9, 2004, on the ground that the submissions are not permitted and are untimely pursuant to this Court's Local Rules.

### BACKGROUND

Defendants filed a motion for summary judgment on November 21, 2003. Thereafter, plaintiff filed a timely opposition to that motion, including a Local Rule 56(a)2 Statement, and an Affidavit of Melissa Burford. Defendants filed a timely Reply Memorandum. All filings were authorized by the Local Rules of this Court.

---

[1] Defendant Carl Field is no longer a party to this action as the claims to which he was a party have been dismissed by the plaintiff.

However, apparently displeased with the contents of defendants' Reply Memorandum, and seeking yet another bite of the apple, plaintiff recently filed additional unauthorized documents including a Sur-Reply Memorandum, a revised and amended Local Rule 56(a)2 Statement, and yet another affidavit from the plaintiff. Moreover, it is important to note that all the points raised in these new filings could have been raised in her original objection and supporting papers, as they respond to points originally raised in Defendants' Motion and supporting papers, and not to points originally raised in Defendants' Reply Memorandum.

## ARGUMENT

### PLAINTIFF'S RECENT FILINGS SHOULD BE STRICKEN

Local Rule 7 of the Rules of this Court lays out in detail the procedures to be followed in motion practice. That rule provides, among other things, that memoranda in opposition to a motion such as defendants' motion here shall be filed within twenty-one (21) days of the motion, and a reply brief must be filed within ten (10) days of the filing of the responsive brief to which reply is being made. Rule 7 does not provide for the service of a sur-reply brief. *Root v. Liston*, 2003 WL 229, 37686 (D.Conn.) (Defendant's motion to strike plaintiff's sur-reply granted because "no sur-reply is permitted under the local rules.")

Similarly, Local Rule 56 provides that a Motion for Summary Judgment shall be accompanied by a Local Rule 56(a)1 Statement, and that papers opposing the motion for summary judgment shall include a document entitled "Local Rule 56(a)2

Statement". Therefore, pursuant to Local Rule 7, the 56(a)2 Statement must be served within twenty-one days of service of the Motion. Consequently, plaintiff's Amended Statement is untimely. Moreover, the Local Rules do not provide for revision of a Local Rule 56(a)2 Statement as part of a response to a Reply Memorandum, as the Rules do not provide for a response to a Reply Memorandum. Indeed, the purpose of a reply memorandum is not to provide a road map to plaintiff for revision of her arguments that she set forth in her Opposition Memorandum and in her Local Rule 56(a)2 Statement. "The moving party may address in his reply papers new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues." *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990)(granting motion to strike sur-reply memorandum). Clearly, the purpose behind the prohibition against sur-reply papers in Local Rule 7 is to avoid exactly what plaintiff is trying to set up here: a never-ending volley and counter-volley of papers.

Here, defendants' reply papers addressed issues not raised in its moving papers, but directly responded to issues raised in plaintiff's opposition papers. Plaintiff's Sur-Reply Memorandum, Amended Local Rule 56(a)2 Statement, and additional affidavit of Melissa Burford, however, do not respond to issues raised in the Reply Memorandum, but seek to revise her earlier submissions in order to address the critique of those papers set forth in the reply memorandum. It is clear

that plaintiff desperately wants the last word here, despite the fact that the Local Rules do not provide for her to have the last word.

Finally, defendants will not address the arguments and facts raised in plaintiff's most recent papers, as they are not permitted to do so under the Local Rules, except to note that none of the arguments addresses the fundamental weaknesses of plaintiff's case, as outlined in defendants' summary judgment motion.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their Motion to Strike Plaintiff's Sur-Reply Memorandum, the Amended Local Rule 56(a)2 Statement, and the Affidavit of Melissa Burford dated January 9, 2004, along with such other relief as the Court deems just and proper.

DEFENDANTS, McDONALD'S CORPORATION,
TIMOTHY MICHAUD, AND RONALD FEDOR,
By their Attorneys,
HOLLAND & KNIGHT LLP

_____
Neal J. McNamara, Esquire (FBN 19349)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
(401) 751-8500
(401) 553-6850 (Facsimile)
neal.mcnamara@hklaw.com

Dated: January 27, 2004

*LOCAL RULE 2(C) OFFICE:*
Rodger W. Lehr, Jr., Esq.
Watsky Drive # 3
Stonington, CT 06378
Juris No. 07208

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Defendants' Motion To Strike Plaintiff's Sur-Reply Memorandum Of Law, Amended Plaintiff's Local Rule 56 A(2) Statement, And Affidavit Of Melissa Burford was forwarded via first class mail, postage pre-paid, this 27th day of January, 2004 to:

Peter J. Bartinik, Jr.
Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
100 Fort Hill Road
P.O. Box 942
Groton, CT 06340-0942

*/s/ Neal J. McNamara*

# 1549718_v1