**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MELISSA BURFORD | : | CIVIL NO: 3:02 CV 1738 (MRK) |
| V. | : | |
| McDONALD'S CORPORATION, ET AL | : | FEBRUARY 3, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STRIKE, DATED JANUARY 27, 2004**

I. **The Court should deny the defendant's Motion to Strike the Plaintiff's Sur-Reply Brief and accompanying documents because the Defendants' Reply Brief contains entirely new claims, issues, and contains a new affidavit of Carl Fields accompanied by new time records for a new time period all not submitted in the defendants' original moving papers.**

First, the defendants claimed, for the first time in its reply papers, that the plaintiff failed to dispute material facts when the plaintiff did, in fact, dispute those facts. Rather then leave the question open, the plaintiff simply clearly articulated the disputed facts so there can be no doubt about what facts are disputed or admitted. The plaintiff could not have predicted that the defendant would claim that the court should "deem" certain facts admitted. That claim, that the facts should be "deemed admitted," was raised for the first time in the defendants' reply papers. In light of the defendants' claims in their reply papers that certain facts be "deemed admitted," it is certainly reasonable for the plaintiff to clearly articulate to the court what facts are admitted or denied so the court is not left to guess or speculate about whether a fact is admitted or denied.

Second, the defendant, for the first time in its reply papers, made misstatements of facts, and the record, when it claimed that the plaintiff "embellished" her claims, and "contradicted" earlier testimony. Those allegations were never made in the defendants' original moving papers, and the defendant's arguments in its reply papers contain references and quotes that were not contained in the defendants' original moving papers. Moreover, the new allegations contained misstatements of the record that the plaintiff simply corrected. Rather then arguing inferences from existing facts that were previously raised, the defendant chose to raise new facts in its reply brief. Additionally, the defendant, for the first time in its reply papers, cited the case Ursini v. Goldman, 118 Conn. 554 (1934), for a proposition of law that was not accurate in that the defendant implied that the case stood for a rule that the case simply does not stand for. This rule of law that the defendant proffered to the court was not raised in its original moving papers.

Lastly, the defendants attached a new affidavit of Carl Fields along with new time records for a period of time that was not addressed in the defendants' original moving papers.

## II. Even if this Court strikes the Plaintiff's Sur-Reply Brief, the Court should nonetheless deny the defendants' Motion To Strike the plaintiff's Amended Local Rule 56(a)(2) Statement as no rule prohibits such a filing.

At worst, the plaintiff's Amended Local Rule 56(a)(2) Statement should be considered a proper Local Rule 56(a)(2) Statement that was filed late. Local Rule 7 does not prohibit such a filing. The court has discretion to permit such a filing. Such discretion should be granted

2

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

because the defendant raised matters, for the first time, in its Reply Memorandum which concerned the question of whether the plaintiff admitted or denied certain facts as they were alleged in the defendants' Local Rule 56(a)(1) Statement.

### III. **Conclusion.**

The Court has the discretion to permit the plaintiff's filings. The Court should permit the plaintiff's Sur-Reply Brief because all of the matters that the plaintiff addresses in her Sur-Reply Brief are matters that were raised, for the first time, in the defendants' Reply Brief. Additionally, the plaintiff's Amended Local Rule 56(a)(2) Statement is, at worst, a late filed Rule 56(a(2) Statement which is not prohibited by Local Rule 7.

THE PLAINTIFF

By _____
Peter J. Bartinik, Jr. Esq. Ct. 14208
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340
(860) 445-8521
(860) 445-8573 (facsimile)
Pjb@Grotonlaw.com

3

## CERTIFICATION

I hereby certify that a copy of the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike, Dated January 27, 2004, was mailed on February 3, 2004 to:

Neal J. McNamara, Esq.
Holland & Knight, LLP
Suite 1800
One Financial Plaza
Providence, Rhode Island 02903

THE PLAINTIFF

By _____
Peter J. Bartinik, Jr. Esq.  Ct. 14208
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.

4