UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

Apr 22  11 44 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN

MELISSA BURFORD,

Plaintiff,

v.

MCDONALD'S CORPORATION,
CARL FIELD, TIMOTHY MICHAUD,
And RONALD FEDOR,

Defendants.

C.A. No. 3:02-CV-1738 MRK

## **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE**

Defendants McDonald's Corporation, Ronald Fedor and Timothy Michaud submit this Reply Memorandum in further support of their Motion to Strike Plaintiff's Sur-Reply Brief, Amended Statement of Disputed Facts, and additional Affidavit of Melissa Burford.

Plaintiff, at p. 1, objects to the fact that defendants' responded to her Statement of Disputed Facts by asserting that she had not created genuine issues of material fact, and that certain paragraphs of the defendants' Statement of Undisputed Facts should be deemed admitted. That argument could only have been made in the Reply Memorandum. Plaintiff had her chance to respond to the Motion for Summary Judgment, but now wants serial bights at the apple.

Plaintiff also objects, at p.2, to defendants' argument that she had, in her opposition papers, embellished her claims and contradicted her deposition testimony, and states that that argument should have been made earlier. When, if not in their Reply Memorandum, could defendants have made such an argument. Defendants confess to being mystified on this point.

Plaintiff also objects, at p. 2, to defendants' raising a point of law in their Reply Brief to the effect that Connecticut law assumes that a party who signs a document has actually read it beforehand, and cannot distance themselves from that document when it is no longer convenient. Defendants did so because, in her papers objecting to the motion for summary judgment, plaintiff attempted to distance herself from her signed statement made at the time that she complained to McDonald's. That argument could not have been made earlier and was made in direct response to plaintiff's papers.

Plaintiff also complains, at p. 2, that defendants included with their Reply Memorandum an Affidavit of Carl Field regarding time records at the McDonald's Groton store for the period from June 11 until July 20, 2001. Defendants did that because plaintiff, in her opposition papers, for the first time stated that between June 11 and July 20, 2001, Timothy Michaud and Carl Field together made comments to her 5 to 10 times daily to the effect of "oops I can't say that, that's sexual harassment." Her deposition testimony identified such a comment, but indicated that it had been made on a very limited number of occasions. Consequently, defendants sought to

2

demonstrate through time records that, assuming Michaud and Field made such a statements,  it could not have been made with the frequency that she claims based on the time records.

Plaintiff argues, at p. 2, that "at worst, the plaintiff's Amended Local Rule 56(a)(2) Statement should be considered a proper Local Rule 56(a)(2) Statement that was filed late."  Plaintiff does not seem to appreciate that she is asking the Court to allow the filing of a Local Rule 56(a)(2) Statement that has been revised in order to respond to arguments raised in defendants' Reply Memorandum, while at the same time moving to strike that very Reply Memorandum.  Under plaintiff's rules, or lack thereof, the Local Rule 56(a)(2) Statement would become a moving target: a party filing a motion for summary judgment could never be quite sure exactly what facts the plaintiff would ultimately rely upon, as the objecting party would have the opportunity to amend their opposition **after** reviewing the moving party's Reply Memorandum.

Plaintiff argues that the Court has discretion to permit plaintiff's filings, but what she does not seem to appreciate is that, if the Court did permit the filing of the Amended Local Rule 56(a)(2) Statement, defendant would have to be afforded the opportunity of a reply.  That would only continue the never-ending volley of papers that plaintiff initiated when she filed her unauthorized Sur-Reply Brief and accompanying papers.  Plaintiff had the full opportunity to make her arguments in her papers filed in

3

opposition to defendants' motion for summary judgment, and took full advantage of that opportunity. The simple fact that she is not happy with defendants' Reply Memorandum should not allow her to throw out the rules of this Court and continually attempt to have the last word.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their Motion to Strike Plaintiff's Sur-Reply Brief, Amended Local Rule 56(a)(2) Statement, and the Affidavit of Melissa Burford filed contemporaneously with those documents, along with such other relief as the Court deems just and proper.

DEFENDANTS, McDONALD'S
CORPORATION, TIMOTHY MICHAUD,
AND RONALD FEDOR,
By their Attorneys,
HOLLAND & KNIGHT LLP

Neal J. McNamara, Esquire (FBN 19349)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
(401) 751-8500
(401) 553-6850 (Facsimile)
neal.mcnamara@hklaw.com

Dated: April 21, 2004


*LOCAL RULE 2(C) OFFICE:*
Rodger W. Lehr, Jr., Esq.
Two Park Place, Apt. 17J
Hartford, CT 06106
Juris No. 07208

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing
Defendants' Reply Memorandum In Support of Their Motion To Strike
was forwarded via first class mail, postage pre-paid, this 21st day of April, 2004 to:

Peter J. Bartinik, Jr.
Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
100 Fort Hill Road
P.O. Box 942
Groton, CT 06340-0942

# 1672466_v1

5