UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Apr 22  11 44 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

MELISSA BURFORD,

    Plaintiff,

v.

MCDONALD'S CORPORATION,
CARL FIELD, TIMOTHY MICHAUD,
And RONALD FEDOR,

    Defendants.

C.A. No. 3:02-CV-1738 MRK

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF

Defendants McDonald's Corporation, Ronald Fedor and Timothy Michaud submit this memorandum of law in support of their Objection to plaintiff's Motion to Strike their Reply Brief.

Plaintiff asserts that defendants' Reply Brief addresses matters not raised in plaintiff's Memorandum in opposition to the motion for summary judgment. On the contrary, however, the Reply Brief addressed only matters that plaintiff had raised in her Memorandum. For example,

    1.    Defendants argued that paragraphs 18 through 27 of Plaintiff's Statement of Disputed Facts did not create genuine issues of material facts, and that the corresponding paragraphs of Defendants' Statement of Undisputed Facts should be deemed admitted. That argument was in direct response to plaintiff's filings in objection to defendants' motion for summary

judgment. Indeed, defendants could not have made such an argument earlier.

2. Plaintiff complains that defendants' claim that she embellished and contradicted her claims, and that defendants included citations to the record as support for that argument. That argument was clearly made as a result of defendants' comparison of plaintiff's deposition testimony with her affidavit, and could not have been made in defendants' moving papers. Consequently, that argument was a direct response to points raised in plaintiff's objection to defendants' motion for summary judgment.

3. In her papers objecting to the motion for summary judgment, plaintiff attempted to distance herself from her signed statement made at the time that she complained to McDonald's. She claimed in her opposition papers that 1) she had not read the statement, 2) Mr. Goulart, the McDonald's HR representative "simply told her to sign it," and 3) Goulart did not include all her complaints in the statement. Defendants responded to those points by arguing that Connecticut law assumes that a party who signs a document has actually read it beforehand, and cannot distance themselves from that document when it is no longer convenient. That argument could not have been made earlier and was made in direct response to plaintiff's papers.

4. In her opposition to the Motion for Summary Judgment, plaintiff relied heavily on the testimony of others to support her own claims for sexual harassment. As a direct response to that, defendants in their reply simply

2

provided references to record testimony of those same individuals that undercut plaintiff's assertions that the testimony of these other individuals actually supported her claims. Defendants were simply responding to plaintiff's arguments, and could not have been made earlier.

5.   Plaintiff also complains that defendants included with their Reply Memorandum an Affidavit of Carl Field regarding time records at the McDonald's Groton store for the period from June 11 until July 20, 2001. Defendants did that because plaintiff, in her opposition papers, for the first time stated that between June 11 and July 20, 2001, Timothy Michaud and Carl Field together made comments to her 5 to 10 times daily to the effect of "oops I can't say that, that's sexual harassment." Her deposition testimony identified such a comment, but indicated that it had been made on a very limited number of occasions. Consequently, defendants sought to demonstrate through time records that, assuming Michaud and Field made such a statements, it could not have been made with the frequency that she claims based on the time records.

Therefore, as stated above, defendants' Reply Memorandum contained factual and legal arguments that directly responded to issues that plaintiff raised in her objection to the motion for summary judgment. It appears that plaintiff would deprive defendants of an opportunity to respond to her arguments and, as demonstrated in her filing of a Sur-Reply Brief, an

3

Amended Statement of Disputed Facts and Affidavit, all specifically crafted to respond to defendants' Reply Brief, insists on having the last word.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny Plaintiff's Motion to Strike Defendants' Reply Brief, along with such other relief as the Court deems just and proper.

>                          DEFENDANTS, McDONALD'S
>                          CORPORATION, TIMOTHY MICHAUD,
>                          AND RONALD FEDOR,
>
>                          By their Attorneys,
>                          HOLLAND & KNIGHT LLP
>
>                          _____
>                          Neal J. McNamara, Esquire (FBN 19349)
>                          One Financial Plaza, Suite 1800
>                          Providence, Rhode Island 02903
>                          (401) 751-8500
>                          (401) 553-6850 (Facsimile)
>                          neal.mcnamara@hklaw.com

Dated: April 21, 2004

*LOCAL RULE 2(C) OFFICE:*
Rodger W. Lehr, Jr., Esq.
Two Park Place, Apt. 17J
Hartford, CT 06106
Juris No. 07208

4

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true copy of the foregoing Defendants' Objection To Plaintiff's Motion To Strike Defendants' Reply Brief was forwarded via first class mail, postage pre-paid, this 2^ day of April, 2004 to:

Peter J. Bartinik, Jr.
Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
100 Fort Hill Road
P.O. Box 942
Groton, CT 06340-0942

# 1672308_v1