UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA BURFORD,

        Plaintiff,

v.

MCDONALD'S CORPORATION,
et al.,

        Defendants.

C.A. No. 3:02-CV-1738 MRK

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants McDonald's Corporation, Timothy Michaud and Ronald Fedor[1] ("Defendants") submit this Supplemental Memorandum pursuant to the Order of Judge Kravitz at oral argument on April 26, 2004.

<u>Purported Retaliation Claim</u>. Plaintiff first revealed in one of her recent pleadings that she was asserting a claim for retaliation under Title VII.[2] Rules 8 and 10 of the Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests; that "each averment shall be simple, concise and direct;" and that "[e]ach averment of a claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set

---

[1] The claims against defendant Carl Field have been dismissed.
[2] In order to state such a claim, a plaintiff must demonstrate that (1) she was engaged in protected activity, (2) the employer was aware of that activity, (3) and took adverse action against the employee, and (4) there was a causal connection between the protected activity and the employment action. <u>Mack v. Otis Elevator Co.</u>, 326 F.3d 116, 129 (2d Cir. 2003).

forth." Here, plaintiff revealed very late that she was asserting a claim for retaliation, long after discovery had closed, although she had not taken the opportunity to plead such a claim separately in any of the complaints that she filed.[3]

Moreover, a retaliation claim is completely different from a claim for sexual harassment and is based on a separate section of Title VII, 42 U.S.C. §2000e-3. "It is neither Defendants', nor this Court's, duty to play hide-and-seek with claims that Plaintiff claims might be hidden somewhere within Plaintiff's Complaint." Klauber v. City of Sarasota, 235 F. Supp.2d 1263, 1269 (M.D. Fla. 2002)(claim revealed during briefing on motion for summary judgment failed to meet notice requirements for a First Amendment retaliation claim). See also Rosson v. Florida Health Services Center, 2000 WL 782951 (M.D. Fla.)(alleged retaliation claim dismissed because "Title VII discrimination and retaliation claims require distinct, separate elements to establish *prima facie* cases. It is clear that separating the two issues into separate counts would facilitate 'the clear presentation of the matters set forth' as stated in Rule 10."). This issue has arisen twice in the Second Circuit: Gregory v. Daly, 243 F.3d 687, 700 n.11 (2d Cir. 2001)(plaintiff failed to plead hostile environment claim), and Cruz v. Coach Stores, Inc., 202 F.3d 560, 569-70 & n.5 (2d Cir. 2000)(plaintiff failed to plead retaliation claim). In each, however, the defendant responded to the news that plaintiff had asserted an unplead claim by addressing the merits of that claim, and not by arguing prejudice as a result of the

---

[3] Plaintiff did not assert a claim for retaliation despite the fact that she amended the complaint twice.

pleading surprise. Here, due to the late notice regarding the alleged retaliation claim, defendants did not have the chance to brief the retaliation issue. Indeed, defendants did not have the opportunity to conduct discovery related to all the elements of a retaliation claim. Consequently, defendants have been prejudiced in their ability to present their case, and the retaliation claim should not be allowed. New York State Elec. & Gas Corp. v. Sec'y of Labor, 88 F.3d 98, 104 (2d Cir. 1996).

Physical Touchings.[4] The Court at oral argument discussed the issue of whether alleged physical touchings were sufficient to satisfy the requirement that alleged acts of sexual harassment be both severe and pervasive. Plaintiff agreed at oral argument that there were four incidents of alleged touching by Carl Field, including one shoulder rubbing incident which did not recur because plaintiff told Field to stop. Many courts, including courts within the Second Circuit, have granted summary judgment to defendants where the alleged physical contact was similar to that alleged here, i.e., bumping, brushing or rubbing up against, patting on rear. Scusa v. Nestle U.S.A. Co., Inc., 181 F.3d 958, 961, 967 (8th Cir. 1999)(nine incidents of harassment, including incidents of patting plaintiff on the bottom); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 768 (2d Cir. 1998)(incidents where plaintiff's supervisor deliberately touched her breasts with papers, and comment that plaintiff had been voted the "sleekest ass" in the office); Weiss v. Coca-Cola Bottling Co., 990 F.2d 333, 337 (7th Cir. 1993)(several incidents of unwanted touching and attempts to kiss, along with non-physical conduct); Atkins v.

---

[4] At oral argument the Court stated that it would take additional authority that the parties had on issues discussed at the argument.

Computer Sciences Corp., 264 F. Supp.2d 404, 410-11 (E.D.Va. 2003)(supervisor pressed her breasts against plaintiff, several "full body hugs" described as brutal and unwelcome, along with other non-physical conduct); Smith v. American Int'l Group, 2002 WL 745603 (S.D.N.Y.)(supervisor purposefully pressed his body against plaintiff's chair and body); Ballance v. Energy Trans. Corp., 2001 WL 1246586 (S.D.N.Y.)(defendant untied plaintiff's apron and touched her buttocks); Moore v. Apfel, 2000 WL 116080 (N.D. Ill.)(two incidents of physical contact, including deliberately brushing past plaintiff and touching her behind).

Second Assistant Manager. Defendants have argued that plaintiff did not suffer a tangible employment action when she did not receive a promotion to that position in July 2001. The record demonstrates that there was still another position available, and it is undisputed that no manager ever told plaintiff that her request for promotion was denied or rejected. An applicant, however, has not been adversely affected until the application is actually rejected or denied. Howley v. Town of Stratford, 217 F.3d 141, 149 (2d Cir. 2000)(denial of application part of prima facie case); Grayson v. City of Chicago, 317 F.3d 745, 748 (7th Cir. 2003) (rejection); Taylor v. Small, 350 F.3d 1286, 1294 (D.C. Cir. 2003)(denial).

Can Harassment be Severe and Pervasive when the individuals' overlapping time at work is minimal? In Mormol v. Costco Corp., 2004 WL 728222 (2d Cir. April 6, 2004) the Court affirmed summary judgment for the employer. In that case, a supervisor told an employee that he would not approve a vacation request unless the employee had sex with him. He also told plaintiff that, if she had sex

with him, he would see that she was paid for hours that she did not work. Shortly thereafter, plaintiff left on a one month vacation. The supervisor telephoned her during vacation, telling her to return to work earlier than she planned, and threatening that if she did not, she would be fired or transferred. Plaintiff did cut her vacation short. When she returned, the supervisor gave her a note saying that if she had sex with him, he would give her money, she could work part-time but be paid full-time, and he would take her on vacations and to a fitness club. She declined. Her hours were reduced, and she was written up for being five minutes late from a break. She then complained.

The District Court granted summary judgment on the ground that the alleged incidents were not sufficiently severe and pervasive to create a hostile work environment. In affirming, the Second Circuit noted that "[T]he episodes of harassment, far from being pervasive, were few and occurred over a short span of time, most of which plaintiff spent on vacation." Id. at 5 (emphasis added). The same is true here, except that instead of being separated because of vacation (although the supervisor called plaintiff while she was on vacation), plaintiff and Carl Field were simply not in the workplace together for the vast majority of the time at issue. Also, as in Mormol, there is no evidence that the alleged harassment interfered with plaintiff's ability to do her job.[5]

---

[5] Moreover, as defendants argued at oral argument, it is uncontroverted that the alleged harassment, other than the "oops" comments, stopped shortly after plaintiff complained to Fedor in early June, and immediately after she complained to Tim Michaud on June 11. She also claims to have complained to second assistant manager Vernon Brown in April, but notice to him does not constitute notice to McDonald's because he was not Field's supervisor and did not have the authority to stop the harassment or to fire, discipline or transfer Field. Torres v. Pisano, 116 F.3d 625, 636-637 (2d Cir.1997). See Local Rule 56(a)(1) Statement, ¶¶1-4.

## CONCLUSION

Therefore, defendants respectfully request that the Court grant summary judgment, along with such other and further relief as the Court deems just and proper.

                              DEFENDANTS, McDONALD'S CORPORATION,
TIMOTHY MICHAUD, AND RONALD FEDOR,
By their Attorneys,
HOLLAND & KNIGHT LLP

*(signature)*

Neal J. McNamara, Esquire (FBN 19349)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
(401) 751-8500
(401) 553-6850 (Facsimile)

Dated: May 10, 2004    neal.mcnamara@hklaw.com

***LOCAL RULE 2(C) OFFICE:***
Rodger W. Lehr, Jr., Esq.
Two Park Place, Apt. 17J
Hartford, CT 06106
Juris No. 07208

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Defendants' Supplemental Memorandum in support of Motion for Summary Judgment was forwarded via first class mail, postage pre-paid, this 10th day of May, 2004 to Peter J. Bartinik, Jr., Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C., 100 Fort Hill Road, P.O. Box 942, Groton, CT 06340-0942.

*(signature)*

# 1911635_v1