UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA BURFORD, | : | |
|     Plaintiff | : | CIV. ACTION NO. |
| | : | 3:02 CV 1738 (MRK) |
| | : | |
| v. | : | |
| | : | |
| MCDONALD'S CORPORATION, | : | MAY 7, 2004 |
| CARL FIELDS, TIMOTHY MICHAUD | | |
| AND RONALD FEDOR | | |
|     Defendants | : | |

**MOTION FOR PERMISSION TO EXCEED PAGE LIMIT**

Plaintiff requests that the court grant permission to exceed the five page limit imposed by the court on the supplemental brief in opposition to defendant's motion for summary judgment.

**PROCEDURAL BACKGROUND**

Plaintiff, Melissa Burford, commenced this action in the Superior Court for the Judicial District of New London at New London on September 17, 2002 pursuant to Conn. Gen. State sec. 46a-60 and 42 U.S.C. 2000e. [sexual harassment]. The action was removed to United States District Court for the District of Connecticut by Notice of Removal dated on September 27, 2002. Defendant filed a Motion for Summary Judgment to which the plaintiff filed a memorandum in opposition. The parties argued the summary judgment on April 26, 2004 before the court (Kravitz, U.S.D.J.). The

court ordered that the parties file a brief [not to exceed five pages] relative to the issue of retaliation. Opposing counsel does not agree with the plaintiff's request.

**REASON FOR REQUEST**

Plaintiff alleged retaliation multiple times in the complaint and amended complaint dated August 8, 2003. Plaintiff further testified to acts of retaliation at her deposition on June 27, 2003. Counsel for the plaintiff recited in the brief for the benefit of the court the various allegations from the complaint and statements from plaintiff's testimony. It is imperative that these recitations be provided to the court so that the court may make an informed decision based on the record. It would have been impossible to properly present the full facts, allegations and testimony regarding the retaliation issues without doing so in the manner and space in which it was done in the brief. Balancing the benefit vs. prejudice here, the plaintiff would greatly benefit by the court's knowledge of the allegations and testimony regarding the retaliation issue, while the defendant would not be prejudiced. It is unlikely that the defendant needed additional space in its brief to recite plaintiff's allegations or testimony as the defendant claims to have no knowledge of such. The plaintiff has not benefited from additional legal argument by the additional pages in her brief as the additional pages were soley for the benefit of providing the court with recitations from the complaint and deposition transcript.

        Plaintiff,
        Melissa Burford


        _____
        Michael J. Melly
        Bartinik, Gianacoplos, Bartinik,
        Bartinik & Grater
        100 Fort Hill Road
        P.O. Box 942
        Groton, Ct 06340


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on May 8, 2004 to:

Neal J. McNamara
Holland & Knight
One Financial Plaza Suite 1800
Providence, RI 02903

        _____
        Michael J. Melly