UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA BURFORD,                     : | |
|     Plaintiff                                  : | CIV. ACTION NO. |
|                                                       : | 3:02 CV 1738 (MRK) |
|                                                       : | |
| v.                                               : | |
|                                                       : | |
| MCDONALD'S CORPORATION,    : | MAY 7, 2004 |
| CARL FIELDS, TIMOTHY MICHAUD | |
| AND RONALD FEDOR | |
|     Defendants                             : | |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff, Melissa Buford, respectfully submits this supplemental memorandum in opposition to defendants motion for summary judgment.

**I.  Plaintiff's Complaint Alleges That The Defendants Retaliated Against The Plaintiff[1]**

   **A.  The Allegations**

Plaintiff has alleged that the defendants retaliated against her after she made complaints of sexual harassment to management. Plaintiff's allegations in this regard are clear and concise, giving the defendant ample notice of a retaliation claim. Plaintiff's allegations state:

    Carl Fields, Tim Michaud and Ron Fedor, all employees of

---

[1] See amended complaint (Exhibit 1);

1

> the defendant McDonald's Corporation, acting within the scope
> of their employment, retaliated against the plaintiff due to the
> fact that she complained about the sexual harassment.

See complaint (first count par 23).[2]

Plaintiff further alleged retaliation in the following manner:

> Due to the fact Due to the fact that the plaintiff complained about
> the sexual harassment she was punished as follows:
>> a..Plaintiff was denied the promotion to second assistant manager
>> that she was promised.  The promotion to second assistant manager
>> had better pay, and better benefits.
>> b. Plaintiff was denied the one week paid vacation.
>> c. Plaintiff was referred to as a troublemaker.
>> d. Plaintiff's assigned hours were reduced.

See complaint (first count par 24).

Plaintiff further alleged retaliation in the following manner::

> 1.  The defendant violated the Connecticut Fair Employment Practices
> Act (CFEPA), General Statutes § 46a-51, et. seq. and specifically
> General Statute § 46a-60(a)(8) in one or more of the following ways:
>> d.  The defendant retaliated against the plaintiff for complaining about
>> sexual harassment, and for refusing to accept, tolerate, and live with
>> sexual harassment.

See complaint (first count par. 30).

In the second count plaintiff further alleges retaliation in the following paragraph:

> 1.  The defendant violated Title VII of the Civil Rights Act of 1964,
> 42 U.S.C. Section 2000e et. seq., and specifically 42 U.S.C. Section
> 2000e-2 in one or more of the following ways:
>> d.  The defendant retaliated against the plaintiff for complaining about
>> sexual harassment, and for refusing to accept, tolerate, and live with

---

[2] The first count is brought pursuant to Connecticut Fair Employment Practices Act, Conn. Gen. Stat. sec. 46a-60.

sexual harassment.

See complaint (second count par 33)

### B. Plaintiff Has Fulfilled The Requirement s of Fed. Rule Civ. P. 8 (a)(2)

A complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Fed. R. Civ. P. 8(e)(1) All pleadings shall be so construed as to do substantial justice. Fed. R. Civ. P. 8(f). "Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). Swierkiewicz v. Sorema, NA., 534 U.S. 506, 510-512, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002) [a complaint need not plead law or match facts to every element of a legal theory to survive a Rule 12(b)(6) motion]. A simplified notice pleading standard applies in employment discrimination cases, under which "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell-Douglas* framework does not apply in every employment discrimination case." Swierkiewicz v. Sorema, NA., 534 U.S. 506, 510-512, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002).

The plaintiff's allegations are not "bald assertions and conclusions of law" Tarshis v. Riese Org., 211F.3d 30, 35 (2d Cir. 2000) or "naked assertions" see Yusef v.

Vassar College, 35 F.3d 709, 713 (2d Cir. 1994). In the present case the plaintiff did more than simply allege that the defendant's conduct violated the ultimate legal standard (e.g. retaliation). It is enough to assert facts from which, construing the complaint liberally and in the plaintiff's favor, one could infer such a violation. Gregory v. Daly, et al, 243 F.3d 687, 692 (2d Cir. 2001). Construing plaintiff's allegations liberally, one may infer that the defendant performed conduct and made statements in retaliation of plaintiff's complaints. See complaint @ par 23, 24, 30 and 33. The plaintiff need not plead the legal theory in which the claim is based, anyhow. Siegelman v. Cunard White Star, Ltd., 221 F.2d 189, 196 (2d Cir 1955). See also, Gins v. Mauser Plumbing Supply Co., 148 F.2d 974, 976 2d. Cir. 1945). [particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not]; see also, 2A J. Moore and J. Lucas Moores Federal Practice sec. 8.14 (1987); Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772, 776 (7th Cir. 1976) [recovery not prevented on another legal theory than that pleaded]; Connecticut General Life Ins. Co., v. Universal, 838 F.2d 612 (CA 1 Puerto Rico 1988) [plaintiff entitled to recovery on theory (fiduciary liability) other than that pleaded, the court noting that bankruptcy issues were implicated in the complaint].

     In Gregory the plaintiff's complaint did not separate the retaliation claim in a separate count. Gregory v. Daly, 243 F.3d at 700. Nevertheless, the court found the allegations sufficient to withstand a Rule 12(b)(6) motion to dismiss. "The law protects

4

employees in the filing of formal charges of discrimination as well as in the making of informal protests of discrimination, including making complaints to management," Gregory v. Daly 243 F.3d at 700; citing, Matima v. Celli, 228 F.3d 68, 78 (2d Cir. 2000). Here, the plaintiff's complaints to Timothy Michaud, Ron Fedor, Carl Fields, Steve Goulard and human resources [HR] were undoubtedly forms of such protected activity. The plaintiff has clearly and concisely alleged that after she complained the defendant made derogatory statements, snickered and sneered at her, denied her a promotion, denied vacation[3] and reduced her working hours, thereby effectively cutting her earnings. See section II, supra.

II.     **Plaintiff's Deposition Testimony Included Substantial Evidence of Retaliation[4]**

The Supreme Court recently reiterated that our simplified notice pleading standard relies on liberal discovery rules to define disputed facts and issues and to dispose of unmeritorious claims. It is now beyond dispute that "[b]road discovery is a cornerstone of the litigation process contemplated by the Federal Rules of Civil Procedure." The Rules contemplate a minimal burden to bringing a claim; that claim is then fleshed out through vigorous and expansive discovery. Swierkiewicz v. Sorema,

---

[3] A vacation that was earned by the plaintiff and owed by the company. Further, said vacation had been planned prior to being denied shortly after plaintiff's protected activity.
[4] See deposition transcript January 27, 2003 (Exhibit 2);

NA., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002);  Jones v. Goord, No. 95 Civ. 8026, 2002 WL 1007614 at 1 (S.D.N.Y. May 16, 2002);  See, Hickman v. Taylor, 329 U.S. 495, 500-501, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

The defendant learned of plaintiff's claims of retaliation further at her Deposition taken on June 27, 2003.  The plaintiff testified at deposition about a course of conduct on the part of the defendant after she complained of sexual harassment, thereby giving the defendant notice of plaintiff's claims of retaliation.  Plaintiff testified that, after Tim [Michaud] returned from sabbatical Carl [Fields] continued to bother her. They [Carl Fields and Tim Michaud] would make jokes about her. Tr. 100.[5]  She had her vacation taken away and, to make things worse, they joked about it by pretending to take the vacation away from another employee and snicker and laugh at the plaintiff. Tr. 100.  Another time Carl began to make a sexual comment he stated, "Oops, I can't do that that's sexual harassment."  Coworkers were upset at this as they knew that they were making 'fun' of the plaintiff. Tr. 101.  They were 'snotty' to her after she reported the sexual harassment. Tr. 132.  Plaintiff further described how uncomfortable she felt on the job after she made the complaints of sexual harassment.  She stated, " The sexual harassment, because I had already complained about the sexual harassment.  He would walk past me and be like , 'I can't do that, you'll accuse me of sexual harassment again.'  Things like that. They made it very uncomfortable to work there." Tr. 101. Coworkers knew that she had been given the second assistant manager position.  Tr.

---

[5] Plaintiff's deposition taken on June 27, 2003.

101-02. Further conduct by Carl Field's after her complaints and after Tim Michaud returned from sabbatical included rude comments. They

[Tim Michaud and Carl Fields] not being friendly, feeling unwelcome and being very hard on her. Michaud's response to her complaints about Carl was that she was 'full of shit'. Tr. 126. When she again called HR on the evening they [HR] put her in touch with Steve Goulard. Tr. 126. She met with Goulard and explained everything that was going on at the store. Tr. 127. When asked what she told him [Goulard] she stated, "About all the problems with the food safety book. I brought everything up to him, even the harassment that I got from Carl sexually, and then about all the harassment that I got afterwards, after I reported it. I told them all of that." Tr. 127 & 128. She also complained to Steve Goulard about not receiving the second assistant position. Tr. 129. Plaintiff also testified that there are witnesses to the way she was treated after she reported the sexual harassment. Tr. 138. Tim Meredith was given the second assistant manager position that had been offered to her. Tr. 102. Meredith laughed about it to others on the job making comments as , 'ha ha ha, yeah, I took her job. Tr. 102. She was further screamed at when she requested to know who gave Timmy Meredith the second assistant manager position. Tr. 103. Plaintiff was given keys, shoes and training materials in preparation for her moving into the second assistant position. Tr. 105-107. She received materials relevant tot the position. Tr. 111-113.   She had even

7

searched for and found day care arrangements, in the expectation of starting the new position.. Tr. 108.  She had discussed he salary of the second assistant position.  Tr. 109.  On July 17, 2001  Tim Meredith, who was given the second assistant position, approached the plaintiff, stating that she had no right asking who gave him the second assistant job.  Tr. 120.  He further refused to allow the plaintiff to complete her job duties at that time. Tr. 121.  Tim Michaud screamed at her and told her to go home. Tr. 119-120.   She went home in accordance with this order, however, not until she called Ron Fedor to complain.  Tr. 120 & 123.

  The plaintiff has clearly alleged and testified of adverse employment action as a result of her complaints.  She testified that she was denied the promised promotion to second assistant manager, denied vacation, suffered reduced work hours and called a troublemaker.  Plaintiff has also testified to continued harassing behavior as a result of her complaints.  See, Gregory where the court found continuing harassing behavior to be retaliation.  Gregory, 243 F.3d at 701.  see, Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999) [retaliatory harassment may constitute an actionable "adverse employment action" if it works a "materially adverse change in the terms and conditions of employment."]

  Plaintiff's pleadings and deposition testimony provide ample basis for inferring that the failure to promote, withheld vacation pay, decreased hours, abusive hollering and screaming and snickering which occurred shortly after and were causally connected

8

to her protected activity.  First, the actions complained of by the plaintiff are at the approximate time of the protected activity.  <u>Gregory</u>, 243 F.3d at 701;  <u>Manoharan v. Columbia Univ. College of Physicians & Surgeons</u>, 842 F.2d 590, 593 (2d Cir. 1988) [proof of causal connection may be shown indirectly by the closeness in time between the protected activity and the adverse action.]  Second, the sneering comments were directed at the plaintiff's complaints.  <u>Gregory</u>, 243 F.3d at 701.  These facts suffice to support an inference of retaliatory animus.  <u>Gregory</u>, 243 F.3d at 701.   see, <u>Gavura v. Pennsylvania State House of Representatives</u>, 55 Fed. Appx. 60 (3rd Cir. 2002) [plaintiff's assertions that she was discharged shortly after complaining about unfair working conditions related to her sex were sufficient to place appellees on notice that she was pursuing a retaliation claim.]

  Defendant had notice of plaintiff's retaliation claims as a result of her testimony and ample opportunity 'flesh' out the facts and details of the alleged retaliation.  There was ample opportunity to further question the plaintiff in this regard and to depose or question other possible witnesses [who are defendant's employees] in connection with possible retaliatory conduct.

          Plaintiff,
          Melissa Burford


          _____
          Michael J. Melly
          Bartinik, Gianacoplos, Bartinik,
          Bartinik & Grater
          100 Fort Hill Road
          P.O. Box 942
          Groton, Ct 06340

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on May 8, 2004 to:

Neal J. McNamara
Holland & Knight
One Financial Plaza Suite 1800
Providence, RI  02903

          _____
          Michael J. Melly